# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12-cv-591-RJC

| | |
|---|---|
| RUDY SIMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| ACTING COMMISSIONER OF ) | |
| SOCIAL SECURITY ) | |
| ADMINISTRATION[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss and Supporting Memorandum, (Doc. Nos. 9; 10), Plaintiff's Response, (Doc. No. 12), and Defendant's Reply, (Doc. No. 13).

## I. BACKGROUND

Plaintiff filed suit in this Court on September 11, 2012 seeking review of the Commissioner's dismissal of his request for a hearing on his application under the Social Security Act ("Act"). (Doc. No. 1: Complaint). Plaintiff filed an application for disability benefits under Title II of the Act on April 5, 2010, alleging a period of disability beginning in October 1, 2008. (Doc. No. 10-1 at 8). Plaintiff's claim was denied on October 12, 2010, and upon reconsideration on January 31, 2011. (Id.). On March 22, 2012, the claim was reviewed

---

[1] On February 14, 2013, after the instant suit had been filed naming then-Commissioner Michael J. Astrue as Defendant, Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Michael J. Astrue as the Defendant in this suit.

by an Administrative Law Judge ("ALJ") who, citing the doctrine of res judicata, denied Plaintiff's request for a hearing on the merits. (Id. at 8). On June 1, 2012, Plaintiff brought a petition to the Appeals Council for review of his hearing dismissal. (Id. at 11). By notice dated August 6, 2012, the Appeals Council denied Plaintiff's request for review as untimely. (Id. at 3). Specifically, the Appeals Council held that Plaintiff had not filed his request within the allotted sixty days from the date the notice of dismissal was received.

## II.  STANDARD OF REVIEW

42 U.S.C. § 405(g) limits judicial review to "final decision[s] of the Commissioner of Social Security made after a hearing." The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." Id. Judicial review of the Commissioner's final decision regarding disability benefits is limited to determining "whether the findings are supported by substantial evidence and whether the correct law was applied." Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002). The reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Secretary." Maestro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001).

## III.  DISCUSSION

An Article III court normally lacks jurisdiction to review the Commissioner's decision not to re-open a claim. See Califano v. Sanders, 430 U.S. 99, 108 (1977). In the instant case, the ALJ declined to re-open the case on the doctrine of res judicata. (Doc. No. 10-1 at 8). Res judicata applies when the Social Security Administration has made a previous determination or decision involving the claimant's rights on the same facts and on the same issue(s), and the

2

previous determination or decision has become final by either administrative or judicial action. 20 C.F.R. 404.957(c)(1). However, res judicata does not apply where the ALJ goes beyond merely ascertaining whether the new claim is substantially the same as the prior one, but instead reviews the substantive merits of the claim. McGowen v. Harris, 666 F.2d 60, 65-66 (4th Cir. 1981). In such instances, a federal court can review the ALJ's decision not to re-open the application. See Ball v. Astrue, No. 1:11CV00062, 2012 WL 4458363 (S.D.W.Va. July 26, 2012).

The issue at hand is whether the ALJ correctly applied the doctrine of res judicata, or whether he effectively re-opened the claim to review its substantive merits. The Court finds that the ALJ correctly applied res judicata.

In his March 22, 2012 decision to dismiss and deny rehearing, the ALJ limited his analysis to considering whether Plaintiff had submitted "new and material evidence" or whether the evidence was substantially the same as that submitted on the prior claim. (Doc. No. 10-1 at 9). The relevant evidence submitted by Plaintiff included residual functional capacity ("RFC") statements by Alan Reid and by Mr. Reid's supervisor, Dr. Elaine Cloud that had been prepared subsequent to the denial of the earlier claim. (Id). The ALJ found the evidence, although new, was not "material," and that the relevant facts and issues between the two claims were the same. (Id.). Specifically, the ALJ noted that "the residual functional capacity assessments signed and dated by Mr. Reid and Dr. Cloud on May 5, 2010 and June 22, 2011, are essentially the same as the October 27, 2009 residual functional capacity assessment that was previously before and evaluated by the prior Administrative Law Judge and, therefore, are merely cumulative. Additionally, the Appeals Council reviewed these additional records and denied the request for

review." (Id. at 9-10).

The ALJ did not extend his inquiry beyond assessing the similarity between the new RFC statements and those submitted for the earlier claim. His inquiry did not touch on the substantive aspects of Plaintiff's claim in any meaningful way. Because the Court finds that the Administrative Law Judge correctly applied the doctrine of res judicata, this Court lacks jurisdiction to review the ALJ's decision not to re-open the application. See Califano, 430 U.S. 99.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion to Dismiss, (Doc. No. 9), is **GRANTED**; and

3. The Clerk of Court is directed to close this case.

Signed: July 8, 2013

Robert J. Conrad, Jr.
United States District Judge